## McCONNELL ET AL. v. HUTCHINSON ET AL.

1. **Intervention**: BY COUNTY: ACTION TO ANNUL SALE OF POOR-FARM. In an action by tax-payers against the purchasers of a poor-farm from the county, to set aside the sale on account of the inadequacy of the price, and other alleged illegalities, *held* that the county was entitled, under § 2683 of the Code, to intervene and join the defendants in sustaining the sale, on the ground that it was advantageous to the county.

*Appeal from Davis District Court.*

FRIDAY, MARCH 18.

ACTION to set aside a conveyance made to the defendant M. E. Hutchinson of a farm in Davis county. The petition avers, in substance, that at one time the farm was owned by Davis county, and was occupied by it as a poor-farm; that the county sold and conveyed the farm to the defendant M. E. Hutchinson; that the supervisors of the county, in making the sale and conveyance for the county, sold the farm without appraisement, and for a grossly inadequate price;

and that all the matters pertaining to the sale were illegal and void. The county filed a petition in intervention, setting up the unsuitableness of the farm for a poor-farm, and various reasons why the same was properly sold; and averred that the sale was well advertised, and was made for all the farm was worth; and prayed that the sale be approved. The plaintiff moved to strike from the files the petition of intervention. The court sustained the motion, and the intervenor appeals.

*Payne & Eichelberger*, for appellant.

*H. B. Hendershott* and *M. H. Jones*, for appellees.

ADAMS, CH. J.—This action was brought by the plaintiff McConnell and one or more others, who aver that they are tax-payers of Davis county, and they ask that they may be heard in behalf of all the inhabitants and tax-payers of the county. The right of the county to intervene is based upon section 2683 of the Code, which provides that any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff. In this case the county joined with the defendant Hutchinson in resisting the claim of the plaintiffs. The motion to strike from the files the petition for intervention was based upon the ground that the county had no interest in the action. It might be conceded that the county has no interest in the action if the conveyance could be set aside, and the county be allowed to keep the farm and purchase-money also. But, if the trade should be rescinded by reason of inadequacy of price, or other illegality, the purchaser would be entitled to a refund of the purchase-money. Now, the county avers that the farm did not meet its requirements;

that it was well sold; and that the county needed the purchase-money to aid in purchasing another farm.    If the sale was advantageous to the county, as we must assume from the averments of the petition of intervention, and the county would be deprived of the advantage of the sale if the plaintiff should be successful, it follows that the county had an interest in the action.

In our opinion, the motion to strike from the files the petition of intervention should have been overruled.

REVERSED.